Louis v. Kaskel.

SAMUEL LOUIS ET AL. v. PAUL KASKEL.

Under the provision of the act entitled "An act to amend an act entitled 'An act for the relief of persons imprisoned on civil process'. [*Rev.*, p. 497], approved March 27th, 1874," which amendatory act was approved February 5th, 1885 (*Pamph. L.*, p. 13), it is now required to give notice of the time and place fixed by the court to hear what can

be alleged for or against the liberation of a debtor applying for the benefit of the act, not only to creditors residing in this state, but also to the attorney who acted for the plaintiffs in the suit in which the debtor was imprisoned.

On *certiorari* bringing up proceedings under the " Act for the relief of persons imprisoned on civil process " (*Rev., p* 497), in the Middlesex Common Pleas, and the order of that court discharging Paul Kaskel as an insolvent debtor.

Argued at February Term, 1887, before Justices VAN SYCKEL, MAGIE and PARKER.

For the prosecutors, *James S. Wight.*

The opinion of the court was delivered by

MAGIE, J. The sole ground presented by the reasons against the validity of these proceedings, is that the notice of hearing was not given as required by law.

By section 7 of the act in question (*Rev., p.* 498), it was originally enacted that notice, in writing, of the time and place fixed by the court for hearing what could be alleged for or against the liberation of the debtor, should be served on or left at the usual place of residence of each of his creditors, if residing within this state, at least thirty days previous to the time fixed, and should also be published in a newspaper.

By an amendatory act, approved February 5th, 1885, the above section was so amended as also to require the giving of such a notice to the attorney of the plaintiff in whose suit the applying debtor was imprisoned, and to the attorney of each creditor who had lodged a detainer with the keeper of the prison.

From the state of the case agreed on, it appears that prosecutors were plaintiffs in a suit against Kaskel in which he was imprisoned. It also appears thereby that the debtor gave no notice whatever, either to the attorney of the prosecutors in that suit or to the prosecutors.

While the amendatory act is not perhaps free from obscur-

ity, I have reached the conclusion that its true meaning is that notice is to be given to the attorney who appeared for the creditor in the suit in which the debtor was imprisoned.

The duty imposed by the act of 1885 not having been performed, and nothing appearing to justify the omission of performance, the order for discharge cannot be sustained, and must be set aside.

On account of his engagements in Circuit, Justice Parker took no part in this decision.